UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

| | |
|---|---|
| Artis-Ray Cash, Jr.,<br><br>PLAINTIFF(S)<br><br>v.<br><br>Phillips & Cohen Associates Ltd.,<br><br>DEFENDANT(S) | CASE NUMBER<br><br>2:24-cv-00012-HDV-MAR<br><br>ORDER ON REQUEST TO PROCEED<br>*IN FORMA PAUPERIS*<br>(NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☒ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees.  This is what is missing:

Plaintiff fails to explain how he pays $800 in monthly expenses with no source of income.

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
☐ The action is frivolous or malicious.
☒ The action fails to state a claim upon which relief may be granted.
☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☒ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| 3/4/24 | /s/ |
| Date | United States District Judge |

CV-73 (07/22)    ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

On January 2, 2024, Plaintiff filed a Complaint and a Request to Proceed in Forma Pauperis. (Dkt. Nos. 1, 3.) Plaintiff alleges that Defendant, a debt collector, violated the Fair Debt Collections Practices Act by sending Plaintiff a letter through regular mail rather than through email, which Plaintiff had requested as the only convenient way to contact him. (Dkt. No. 1 at 3, 6.)

Because Plaintiff seeks to proceed in forma pauperis, the Complaint has been reviewed to determine whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). As stated below, the Complaint fails to state a claim on which relief may be granted.

Title 15 U.S.C. § 1692c(a)(1) prohibits a debt collector from communicating with a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location[.]"

Here, Plaintiff has failed to state a claim because he has not plausibly alleged how he was inconvenienced by receiving a physical letter through the mail rather than an email. "Section 1692c(a) is not directed at routine communications but prohibits 'unusual' communications. Regular United States Mail to a last known residential address is not on its face 'unusual' or 'inconvenient.'" Lindley v. TRS Recovery Associates, Inc., 2012 WL 6201175, at *4 (S.D. Tex. Dec. 12, 2012); see also White v. LVNV Funding, LLC, 2024 WL 365404, at *2 (D. Nev. Jan. 30, 2024) ("Here, Plaintiff simply alleges that it was not convenient to receive a letter and that she asked to be emailed. But the statute does not require that the debt collector comply with Plaintiff's preferences. Instead, it simply prohibits communications at unusual times or places which should be known to be inconvenient to the consumer."). Thus, the Complaint is dismissed for failure to state a claim.

Finally, leave to amend is not warranted. Additional factual allegations would not change the conclusion that Plaintiff cannot state a claim for inconvenient communication based on receipt of a letter through regular mail. See Californians for Renewable Energy v. California Public Utilities Commission, 922 F.3d 929, 935 (9th Cir. 2019) (amendment is futile where "there was no possibility of stating a cause of action"). Thus, the Complaint is dismissed without leave to amend, and this action is dismissed with prejudice.

*(attach additional pages if necessary)*